**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CV-379-RJC-DCK**

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC. and MCIMETRO ACCESS TRANSMISSION SERVICES CORP., <br><br> Plaintiffs, <br><br> v. <br><br> THAYER POWER & COMMUNICATION LINE CONSTRUCTION COMPANY, LLC, <br><br> Defendant. | **CONFIDENTIALITY STIPULATION AND AGREED PROTECTIVE ORDER** |

Having reviewed the joint motion Plaintiffs MCI Communication Services, Inc. and MCIMetro Access Transmission Services Corp. (collectively "MCI") and Defendant Thayer Power & Communication Line Construction Company, LLC ("Thayer") (collectively "the Parties") for an order protecting the confidentiality of certain proprietary business and financial information or documents relating to the subject matter of this action and the authorities the Parties submitted with that motion, the Court finds:

1. MCI possesses certain confidential and proprietary information and/or documents relating to the direct and root causes of the damage to MCI's underground telecommunications cable and/or networks that gives rise to this action, the duration of the disruption to MCI's network, the range and types of services affected, the scope and gravity of the impact across all platforms and geographic areas, specific equipment failures, the specific network elements impacted, remedial measures and/or best practices applied, and/or an appraisal of the effectiveness of those best practices which, in the course of discovery, may need to be disclosed or produced.

2. The Federal Communications Commission (the "FCC") and the Department of Homeland Security (the "DHS") have concluded that such information could be used by hostile

parties to attack the MCI's telecommunications network that is a vital part of the Nation's critical information infrastructure and that the disclosure of such information to the public could present an unacceptable risk of more effective terrorist activity. See In the Matter of New Part 4 of the Commission's Rules Concerning Disruptions to Communications, FCC 04-188, ET Docket No. 04-35, Report and Order and Further Notice of Proposed Rule Making (Released Aug. 19, 2004) at ¶¶ 3,10-12, 40 (hereinafter the "FCC Order").

3. In the course of discovery it may also be also be necessary for MCI to disclose or produce certain confidential or proprietary information, and/or documents containing confidential or proprietary information, regarding the identities of specific customers affected by the damage to the cable and the types of, amounts of, and durations, those customers' services were impacted.

4. The FCC has concluded that, given the highly competitive nature of the telecommunications industry and the use MCI's competitors could make of such information, the disclosure of such information creates a presumptive likelihood of substantial competitive harm. See FCC Order at ¶¶ 42-45.

5. In the course of discovery it may be necessary for both Parties to disclose or produce:

    a. confidential or proprietary information and/or documents containing confidential or proprietary concerning the Parties' business practices and finances, including, but not limited to corporate business and financial records; or

    b. other confidential or proprietary information and/or documents containing confidential or proprietary information, the release of which could cause significant harm to Parties.

6. In light of these circumstances, good cause exists for the entry of the Protective Order to ensure that such information or documents are not disclosed to third parties or used for

any purpose other than this litigation. The Court is authorized to enter a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G).

The Court therefore orders:

7. For purposes of this Order, "proprietary or confidential or information or documents" means any material, information, document (including writings, drawings, graphs, charts, photographs, phone records, transcript of oral testimony or recorded statement, and other data compilations from which information can be obtained) or its contents, or tangible things designated by any Party as confidential or proprietary because it contains information:

    a. Relating to the direct and root causes of the damage to MCI's underground telecommunications cable and/or networks that gives rise to this action, the duration of the disruption to MCI's network, the range and types of services affected, the scope and gravity of the impact across all platforms and geographic areas, specific equipment failures, the specific network elements impacted, remedial measures and/or best practices applied, and/or an appraisal of the effectiveness of those best practices;

    b. Regarding the identities of specific customers affected by the damage to the cable and the types of, amounts of, and durations, those customers' services were impacted.

    c. The Parties' confidential and proprietary business practices and finances, including, but not limited to corporate business and financial records.

    d. Other confidential and proprietary information, the release of which could cause significant harm to Parties.

This Order shall govern the use of confidential or proprietary information or documents disclosed to or produced by any Party to any other Party in this litigation voluntarily, in discovery (including depositions), under court order or subpoena, or otherwise.

8. For purposes of this Order, confidential or proprietary information or documents shall be so designated by the following:

    a. The notation "Confidential" on the face of the document,

    b. Written correspondence from the providing Party to the receiving Party regarding the designation,

    c. Oral notice of the designation on the record during a deposition or other recorded proceeding, or

    d. Any other written or recorded method that is reasonably designed to notify the receiving Party that the information or document has been designated confidential or proprietary or that should reasonably have been understood by the receiving Party as designating the information or documents as confidential or proprietary because of the legends or other markings, the circumstances of the disclosure, or the nature of the information or documents themselves.

9. All confidential or proprietary information or documents provided by any Party to any other Party shall be used only for the purposes of this litigation and for no other purpose whatsoever. Confidential or proprietary information or documents shall not be disclosed to any other person except as provided in this Order.

10. A Party that receives information or documents designated as confidential shall not disclose them or their contents to or discuss them or their contents with anyone except for the purposes of this litigation only to the following persons:

    a. The receiving Party's counsel and their legal staff (e.g., paralegals and clerical or other support staff).

    b. Employees or agents of the receiving Party only when necessary for the receiving Party or its witnesses, employees, or agents to prepare for depositions, hearings,

or trial; respond to discovery requests; prepare papers to be filed with the Court; or otherwise directly assist the receiving Party's counsel in this litigation.

      c.      Consultants and expert witnesses employed or retained by or on behalf of the receiving Party to assist the receiving Party or its counsel in this litigation.

      d.      Representatives of an insurer of the receiving Party to assist the receiving Party or its counsel in this litigation, including the evaluation of the case and participation in any settlement negotiations or discussions or alternative dispute resolution procedures.

      e.      The Court, subject to the providing Party's right to object to such disclosure.

11. Each person designated in paragraph 4(c)-(d) above to whom confidential or proprietary information or documents are provided or otherwise disclosed shall agree in writing to be bound by the terms of this Order before being provided the information or documents. Each such person shall sign a written agreement in the form attached as Exhibit "A." Counsel for the receiving Party shall maintain a file of written agreements executed by all such persons. The file of written agreements shall not be available to opposing Parties or their counsel during the litigation except upon a showing of good cause made upon application to the Court. Upon termination of this litigation, whether by judgment, settlement or otherwise, those written agreements shall be made available to the providing Party or its counsel on request.

12. If a Party files a pleading, motion, transcript, or other paper with the Court that references any confidential or proprietary information or documents or their contents, the Party shall follow the procedures set forth in LCvR 6.1 for filing documents, or portions thereof, under seal.

13. No confidential or proprietary information or documents disclosed or produced pursuant to this Order may be reproduced, except as necessary or required in litigation for depositions, motion practice, trial preparation, exhibits or trial.

14. Whenever a Party takes a deposition in which another Party's proprietary or confidential information or documents may be or is disclosed:

    a. The deposition shall be subject to the provisions of this Order on the designation of the Party whose witness is deposed. Such designation shall be made on the record whenever possible; and

    b. A Party may designate portions of a deposition transcript as containing confidential or proprietary information or documents after transcription if the providing Party promptly notifies all other Parties of the designation in writing and the transcript or its contents have not already been disseminated beyond the class of persons designated in paragraph 4 of this Order.

15. A Party may waive the protections of this Order by so stating in a signed and dated writing.

16. If the Parties disagree regarding whether material has been designated properly as confidential or proprietary information or documents under this Order, on written request by the Party opposing the designation, the providing Party promptly will state, in writing, the basis for its claim that the material contains confidential or proprietary information or documents. If the disagreement cannot be resolved between counsel, the providing Party must refer the issue to the Court for a determination within 30 days of the opposing Party's request. The burden of demonstrating that the material is confidential or proprietary information or documents shall be on the providing Party. The material shall be treated as confidential or proprietary information or documents until the Court rules on the issue.

17. Within 90 days after termination of this litigation, each Party subject to this Order shall return to the providing Party all material subject to this Order, including all photocopies. This paragraph does not apply to copies that contain markings that constitute attorney work product of

the receiving Party's counsel. The receiving Party and its counsel, however, must destroy such copies on termination of this litigation. Counsel for a receiving Party must certify compliance with this paragraph and deliver the certification to counsel for the providing Party. After a Party has returned or destroyed all material subject to this Order, the Party is relieved of any further obligations under this Order. This litigation is not deemed terminated until a settlement agreement is executed by all Parties or a full and final non-appealable judgment has been entered by the Court.

18. A Party's production or disclosure of confidential or proprietary information or documents pursuant to this Order shall not be deemed a waiver of confidentiality or other privileges.

19. No act or omission by any Party and nothing stated in this Order shall be interpreted as a waiver of any claim, defense, or objection by any Party.

20. Notwithstanding the terms of this Order, each Party shall have the right to object to any discovery or to apply to the Court at any time for an order granting additional protective or other relief with respect to any confidential, proprietary, or privileged material.

21. This Order does not require any Party to produce any documents or information that are not otherwise subject to discovery.

22. In addition to any other legal or equitable remedy that may be available, the rights and obligations set forth in this Order may be enforced by injunction.

23. Nothing in this Order shall prevent any of the Parties from using or disclosing their own documents.

24. Neither the terms of this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any of the Parties that any document or information is, or is not, confidential or proprietary, (b) prejudice the right of any Party to seek a Court determination of whether any document or information should be subject to the terms of this Order, or (c) operate

as an admission by any Party that any document or information is, or is not, admissible in evidence at the trial of this action. Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

Signed: July 31, 2020

David C. Keesler
United States Magistrate Judge

- 8 -

AGREED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| Michael J. Byrne, NC State Bar #23577<br>mjbyrne@eghlaw.com<br>**EVERETT GASKINS HANCOCK LLP**<br>P.O. Box 911<br>Raleigh, NC 27602<br>Telephone: (919) 755-0025<br>Facsimile: (919) 755-0009<br><br>James J. Proszek<br>jproszek@hallestill.com<br>**HALL, ESTILL HARDWICK, GABLE,<br>  GOLDEN & NELSON, P.C.**<br>320 South Boston, Suite 200<br>Tulsa, OK  74103-3706<br>Telephone:  (918) 594-0400<br>Facsimile:  (918) 594-0505<br><br>Katie N. Wagner<br>kwagner@hallestill.com<br>**HALL, ESTILL, HARDWICK, GABLE,<br>  GOLDEN & NELSON, P.C.**<br>100 North Broadway, Suite 2900<br>Oklahoma City, OK  73102-8865<br>Telephone:  (405) 553-2800<br>Facsimile:  (405) 553-2855<br><br>**ATTORNEYS FOR PLAINTIFFS MCI COMMUNICATIONS SERVICES, INC. & MCIMETRO ACCESS TRANSMISSION SERVICES CORP**. | Jeffrey B. Kuykendal, NC State Bar #37693<br>jeffrey.kuykendal@mgclaw.com<br>**MCANGUS GOUDELOCK & COURIE, PLLC**<br>Post Office Box 30307<br>Charlotte, North Carolina 28230<br>(704) 643-6303<br><br>**ATTORNEY FOR DEFENDANT THAYER POWER & COMMUNICATION LINE CONSTRUCTION COMPANY, LLC.** |

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____ , hereby state and agree as follows.:

1. I am a resident of _____ and an employee of _____, with business offices at _____;

2. I am aware that there is presently pending in the United States District Court for the Western District of North Carolina, a civil action styled <u>MCI Communication Services, Inc. and MCIMetro Access Transmission Services Corp. v. Thayer Power & Communication Line Construction Company, LLC</u>, Case No. 3:19-cv-000379;

3. I am aware that on _____ the parties entered a Confidentiality Stipulation and Agreed Protective Order in the above-referenced civil action ("Stipulation and Order"), which restricts access to and use of certain confidential information as defined in that Order;

4. I have read and understand the Stipulation and Order and agree to be bound by all of its terms and conditions. I further understand that a violation of any of the terms of the Stipulation and Order may be considered an act in contempt of court and may be punishable as such;

5. Upon the final determination of this action, whether by judgment, settlement or otherwise, I will, at the request of the counsel of record who provided me with such information, return to that counsel of record all documents and things containing confidential information, and all copies, summaries and abstracts thereof, that have been delivered to me by such counsel of record, as well as all copies, summaries and abstracts thereof made after such delivery to me.

_____

4282252.1:915100:02767